IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP EMIABATA and
SYLVIA EMIABATA,

                Plaintiffs,

    v.

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, INC.,

                Defendants.

ORDER

07-C-465-C

---

On November 13, 2007, defendant Marten Transport moved to compel plaintiffs' attendance at their depositions noticed to occur in Madison, Wisconsin. *See* dkts. 18-19. Pursuant to the September 13, 2007 preliminary pretrial conference order, plaintiffs' opposition to this motion, if any, had to be filed and served within five calendar days, namely by November 18, 2007. *See* dkt. 9 at 9. It is now November 27, 2007, and plaintiffs have filed no written response. Even so, defendants are not entitled to win by default, they must convince the court that they are entitled to the relief requested.

While it is generally true that parties must bear the cost of attending their own depositions, F.R. Civ Pro. 26(c) and 30(b)(7) allow the court to fashion a remedy in the event that this normal deposition procedure would impose an undue hardship. *See, e.g., Armsey v. Medshare Mgmt. Serv., Inc.*, 184 F.R.D. 569, 571 (W.D. Va. 1998). For instance, when parties establish actual indigence, courts have required that they be deposed via video conference, *see Connell v. City of New York*, 230 F.Supp. 2d 432, 436-37 (S.D.N.Y. 2002) or telephonically, *see Jahr v. IU Int'l. Corp.*, 109 F.R.D. 429 430-33 (M.D.N.C. 1986).

But here, there is no indication that plaintiffs actually are indigent, that they would be unduly burdened, or that they would suffer any other genuine hardship by coming to Madison to be deposed. Rather, it appears that plaintiffs simply do not wish to incur the cost or inconvenience of being deposed within the judicial district they chose as the forum for their lawsuit. *See* Affidavit of Stephen A. DiTullio, dkt. 19, at ¶¶ 6-11. If plaintiffs wanted relief, they should have sought it from the court, as directed by the preliminary pretrial conference order and Rule 26(c). The fact that the plaintiffs are non-lawyers proceeding pro se does not excuse them from following the rules. This court bends over backwards to answer questions or to address concerns presented by pro se litigants, but the court cannot provide assistance if a party does not ask for it. The fact that plaintiffs did not even respond to the current motion implies that they intend to proceed as they see fit without using the court as a neutral referee.

The bottom line is that the defendant was correct and plaintiffs were wrong about the deposition dispute, at least as a starting point. By choosing self help and refusing to attend their depositions, the plaintiffs lost the equitable high ground. I am ordering them to appear at for deposition in Madison at their own expense. Pursuant to F.R. Civ. Pro. 37, if the plaintiffs miss their depositions a second time, the most likely result will be that the court will dismiss their lawsuit as a sanction.

As a final point, Rule 37(a)(4) virtually requires that this court assess against plaintiffs the costs that defendants incurred in filing this motion to compel. Even so, I will not shift costs here because this court's priority is to assure that the depositions occur quickly. One way for plaintiffs to view this result is that it could have been worse: they also could have faced

thousands of dollars of cost-shifting, with any failure to pay exposing them to contempt of court proceedings. Since this isn't going to happen, plaintiffs should have no trouble spending this "saved" money on their trip to and from Madison.

ORDER

It is ORDERED that:

(1) Not later than December 11, 2007, each plaintiff must appear for a deposition in Madison, Wisconsin at his or her own expense.

(2) The deadline for filing motions for summary judgment is extended to January 4, 2008.

(3) Defendant shall bear its own costs on this motion.

Entered this 27th day of November, 2007.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge