IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP EMIABATA and
SYLVIA EMIABATA,                                         OPINION and
                                                        ORDER
                        Plaintiffs,
                                                        3:07-cv-00465-bbc
            v.

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for money damages, plaintiffs Sylvia and Philip Emiabata allege that defendant Marten Transport, Ltd. fired them from their jobs as truck drivers after an employee of defendant Freightliner, Inc. reported to Marten Transport that he had found alcohol in plaintiffs' truck.  (Plaintiffs allege that defendants planted the alcohol in the truck because of their race and for other reasons.)  In an order dated August 23, 2007, I construed plaintiff's complaint as asserting a violation of Title VII of the Civil Rights Act of 1964 and several state law claims.

The case is presently before the court on defendant Marten Transport, Ltd.'s motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ.

1

P. 12(b)(6).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 72 (1984); <u>Yeksigian v. Nappi</u>, 900 F.2d 101,102 (7th Cir 1990).  For the reasons discussed below, I conclude that plaintiffs have stated a claim upon which relief may be granted with respect to their claims for race discrimination, retaliation, invasion of privacy and defamation.  I will grant defendant Marten's motion with respect to all other claims.

Plaintiffs allege the following facts in the complaint.


ALLEGATIONS OF FACT

Plaintiffs Philip and Sylvia Emiabata were at-will employees of defendant Marten Transport, Ltd.  Plaintiffs were employed as a husband and wife truck driving team.  They drove and lived in a truck owned by defendant.

On March 12, 2007, plaintiffs were driving through Oklahoma when defendant ordered them to drive the truck to a facility owned by defendant Freightliner, Inc. in Tulsa for repairs.  When plaintiffs arrived, they signed a work authorization order permitting defendant Freightliner employees to work on the vehicle.  However, rather than perform repairs, an employee of Freightliner searched the truck, including a refrigerator owned by plaintiffs.  Plaintiffs were not allowed to be present during the search.

2

After searching the truck, defendant Freightliner falsely reported to defendant Marten that an unopened can of beer was found in plaintiffs' refrigerator.  Plaintiffs denied the allegation, claiming they never had beer in the truck.  The alleged can of beer was never shown to plaintiffs.  Relying solely on defendant Freightliner's statement, defendant terminated plaintiffs' employment on the ground that having beer in the truck was a violation of Federal Motor Carrier Safety Regulation 392.5 and company policy.  Plaintiffs were given a limited time to retrieve their belongings from the truck and leave defendant Freightliner's premises.

Defendant Marten reported the false safety violation so it would appear on plaintiffs' DAC reports (pre-employment screening reports used in the trucking industry).  Defendant Marten knew that such a violation on plaintiffs' records would make it difficult for them to find future employment in the trucking industry.

Defendant Marten fired plaintiffs because of their race and because they complained about aspects of their employment, including race discrimination.  To cover its illegitimate motives, defendant Marten conspired with defendant Freightliner to frame plaintiffs for violating federal regulations and company policy.

DISCUSSION

3

A. <u>Standard of Review</u>

The standard for dismissal for failure to state a claim is based on the system of notice pleading under which the federal courts operate. At the heart of this system is Fed. R. Civ. P. 8(a)(2), which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; it does not require a plaintiff to plead facts supporting each element of a cause of action. <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994). Until factual detail is required, either in a motion for a more definite statement or summary judgment, the litigator can move forward on the possibility that facts to be adduced later could prove the claim. <u>Vincent v. City Colleges of Chicago</u>, 485 F.3d 919, 923 (7th Cir. 2007). Factual detail in a complaint is required only to the extent that a plaintiff must give the defendant proper notice of its claims.

Defendant Marten attacks several of plaintiffs' claims on the ground that plaintiffs have not alleged all of the elements necessary to establish a claim. (Because defendant Marten is the only defendant implicated by the motion to dismiss, I will refer to Marten as "defendant" for the remainder of the opinion.) Plaintiffs are not required to match facts to every element of a claim. <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998). A complaint satisfies Rule 8 if it describes the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Id</u>. (quoting <u>Bell</u>

4

Atlantic Corp. v. Twombly, 127 S. Ct.1955, 1964 (2007)).  If the complaint satisfies Rule 8, it may be dismissed under Rule 12(b)(6) only if the allegations show conclusively that plaintiffs cannot prevail on the claim.  Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007).

B.  Choice of Law

An initial question raised by plaintiffs' state law claims is which state's law applies. Defendant assumed in its brief that Wisconsin law applies and plaintiffs do not challenge that assumption.  Although there may be valid reasons to question that assumption, it is not the court's place to conduct a choice of law analysis when no party asks for one. FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 283 (7th Cir. 2002).  (in absence of any discussion of choice of law issues by parties, court applies law of forum state).  Accordingly, I will assume that Wisconsin law applies.

C.  Title VII Claims for Race Discrimination and Retaliation

1.  Administrative exhaustion

Defendant argues that plaintiffs' Title VII claims for race discrimination and retaliation must be dismissed because plaintiffs failed to allege that they exhausted their administrative remedies.  The Court of Appeals for the Seventh Circuit has held that

administrative exhaustion under Title VII is an affirmative defense.  <u>Salas v. Wisconsin Dept. of Corrections</u>, 493 F. 3d 913, 920 (7th Cir. 2007).  Plaintiffs did not have to include allegations about exhaustion in their complaint and their failure to do so is not a ground for dismissing their Title VII claims.

However, plaintiffs should know that the absence of a requirement to plead exhaustion does not mean that they are relieved of their obligation to file a charge with the EEOC; it simply means that the issue cannot be resolved on a motion to dismiss. If defendant can prove at summary judgment that plaintiffs did not exhaust their administrative remedies, plaintiffs' Title VII claims will be subject to dismissal.  Thus, if plaintiffs have not yet received a right-to-sue letter from the EEOC, they should dismiss their Title VII claims.

2.  <u>Failure to state a claim</u>

Defendant argues that plaintiffs failed to plead either of their Title VII claims under either a direct or indirect method of proof.  Defendant's argument is premature.   At this stage of the litigation, plaintiffs are not required to plead the elements of a prima facie case. <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998) (". . . a plaintiff does not have to plead evidence . . .") (quoting <u>American Nurses Association v. Illinois</u>, 783 F.2d 716, 727 (7th Cir. 1986)).  The elements of a prima facie case constitute an evidentiary standard, not

a pleading requirement. Swierkiewicz v. Sorema, 534 U.S. 506, 511 (2002). Because racial discrimination is a "claim for which relief can be granted," a statement averring "I was terminated because of my race" is sufficient to satisfy Rule 8. Bennett, 153 F.3d at 518.

Defendant agrees that plaintiffs have alleged that they were terminated because of "racism" and because they complained about racially discriminatory treatment. Under Bennett, that is sufficient. Defendant's motion to dismiss plaintiffs Title VII claims for race discrimination and retaliation will be denied.


D.   Invasion of Privacy Claims

1.   Fourth Amendment claim

The complaint identifies two potential legal theories involving invasion of privacy: a violation of the Fourth Amendment and a private-party invasion of privacy.   Only government activity is regulated by the Fourth Amendment.   Christensen v. County of Boone, 483 F.3d 454,459 (7th Cir. 2007). Because plaintiffs have alleged that the truck was searched by a Freightliner employee, a private person, at the direction of defendant, also a private entity, they have failed to state a claim under the Fourth Amendment. Plaintiff's Fourth Amendment invasion of privacy claim will be dismissed.


2.   Invasion of privacy by a private party

Wisconsin law provides a cause of action for invasion of privacy by a private party. Wis. Stat. § 950.50(1).  Invasion of property is defined as an "[i]ntrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private . . ." Wis. Stat. § 950.50(2); <u>see</u> <u>also</u> <u>Fischer v. Mt. Olive Lutheran Church</u>, 207 F. Supp. 2d 914, 927 (W.D. Wis. 2002).

Defendant contends that plaintiffs' refrigerator was not a private place under the statute because it was kept at their workplace (inside the truck).  Defendant's sole support for this argument is <u>Gossmeyer v. McDonald</u>, 128 F.3d 481, 490 (7th Cir. 1997).  In <u>Gossmeyer</u>, the court found that an employee does not have a reasonable expectation of privacy in cabinets kept in her office simply because she purchased them.  <u>Gossmeyer</u>, 128 F.3d 490 (citing <u>O'Connor v. Ortega</u>, 480 U.S. 709 (1987)).  However, <u>Gossmeyer</u> does not foreclose plaintiffs claim for invasion of privacy.  First, in that case the court was construing the Fourth Amendment as it applies to state action.  Second, the facts alleged in this case are distinguishable from <u>Gossmeyer</u> in a number of ways:  the "workplace" at issue was also plaintiffs' home and plaintiffs did not buy or use the refrigerator for work.  Because defendant has not attempted to address these distinctions, it has failed to show that plaintiffs cannot prevail on a state law invasion of privacy claim.

Plaintiffs allege that defendant is liable for invasion of privacy even though it was defendant Freightliner that searched their property because the search was part of a

conspiracy.  Defendant contends that plaintiffs have failed to alleged all of the elements necessary to establish a conspiracy existed.  To allege a civil conspiracy,  it is enough that plaintiffs proffer the parties, the general purpose, and the approximate date so that the defendant has notice of what it is charged with.  Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir 2002).   Plaintiffs have satisfied this requirement.  The complaint sets forth that defendant and Freightliner are the parties of the alleged conspiracy and it alleges the general purpose of the conspiracy, which was to terminate plaintiffs in a manner that violated federal and state law.  Finally, plaintiffs allege the date on which the conspiracy took place:  March 12, 2007.  This is sufficient to allege civil conspiracy as the legal theory for holding defendant liable for the invasion of privacy claim.

### E.  Wrongful Discharge in Violation of Public Policy

Wisconsin law contains a narrow public policy exception to the general rule that employers may terminate at-will employees "for good cause, no cause or for a cause morally wrong."  Brockmeyer v. Dun & Bradstreet, 113 Wis. 2d 561, 567, 335 N.W.2d 834, 837 (1983).  Under this narrow exception, an at-will employee has a claim against its employer for wrongful termination if the employee was fired for fulfilling, or refusing to violate, a fundamental, well-defined public policy or an affirmative legal obligation established by existing law. Bammert v. Don's Super Value, 2002 WI 85, ¶3, 254 Wis. 2d 347, 646

N.W.2d 365.  To seek relief under this exception, a plaintiff must "identify a fundamental and well defined public policy in [his] complaint sufficient to trigger the exception to the employment at will doctrine." Batteries Plus, L.L.C. v. Mohr, 2001 WI 80, ¶ 19, 244 Wis. 2d 559, 628 N.W.2d 364 (quoting Strozinsky v. School District of Brown Deer, 2000 WI 97, ¶¶ 36-37, 237 Wis. 2d 19, 614 N.W.2d 443.)

To trigger the public policy exception, the identified fundamental and well defined public policy must be supported by existing law. Strozinsky, 2000 WI 97 at ¶ 39.  "Existing law" includes constitutional and statutory law and some administrative provisions. Id.  A fundamental public policy may also be shown by the "spirit as well as the letter" of existing law. Winkelman v. Beloit Memorial Hospital, 168 Wis. 2d 12, 21, 483 N.W.2d 211, 214 (1992).  The fact that an at-will employee was treated unfairly or in bad faith does not create a cause of action under this narrow exception. Mohr, 2001 WI 80 at ¶ 29.

Plaintiffs do not identify any public policy in the complaint.  Instead, the complaint merely includes the phrases "violated public policy" and "wrongful discharge."  Because the complaint does not identify a fundamental and well defined public policy, the public policy exception to the employment at-will doctrine has not been triggered.  Under the employment at-will doctrine, defendant could terminate plaintiffs for almost any reason without being guilty of legal wrong.   Winkelman, 168 Wis. 2d at 20; 483 N.W.2d at 214.  Plaintiffs' claims for wrongful termination in violation of public policy will be dismissed.

10

F.  <u>Negligence</u>

Defendant contends that plaintiffs fail to state a claim for negligence because they rely solely on the word "negligent" to establish the claim. The better argument is that no matter how many facts plaintiffs allege, they could not succeed on a negligence claim because there is no tort of "negligent firing."  Because plaintiffs were employees at-will, defendant did not owe them any duties related to when or how they could be terminated.  As stated above, defendant could terminate them for almost any reason.  <u>Brockmeyer,</u> 113 Wis. 2d at 569; 335 N.W.2d at 838.  Because negligent termination of an at-will employee is not a claim for which relief may be granted, plaintiffs' claim for negligence will be dismissed.

G.  <u>Defamation</u>

Plaintiffs contend that defendant defamed them by reporting false information about them in their respective DAC reports.  DAC reports are used in the trucking industry to pre-screen job applicants.   Plaintiffs allege that defendant knew that reporting the false information would damage plaintiffs' employment history and make it difficult for plaintiffs to gain future employment.

Defendant responds that plaintiffs fail to state a claim because of the common interest privilege protecting references exchanged between former and prospective employers. In Wisconsin, communications between employers and persons having a common interest

11

in the employee's conduct are subject to a conditional privilege.  <u>Zinda v. Louisiana Pacific Corp.</u>, 149 Wis. 2d 913, 440 N.W.2d 548 (1989).  For example, the Wisconsin Supreme Court has held that a defamatory letter of reference from an ex-employer to a prospective employer falls within the limits of this conditional privilege.  <u>Hett v. Poetz</u>, 20 Wis. 2d 55, 59-62, 121 N.W.2d 270 (1963).

In a defamation action, a conditional privilege is an affirmative defense.  <u>Otten v. Schutt</u>, 15 Wis. 2d 497, 504, 113 N.W.2d 152, 156 (1962).  The burden is on defendant, not plaintiffs, to prove the communication was protected by privilege.  <u>Id</u>.  Furthermore, even if I accept defendant's argument that the complaint alleges a  conditional privilege, the complaint also alleges that defendant abused and therefore forfeited its conditional privilege by reporting violations it knew to be false.  <u>Zinda</u>, 149 Wis. 2d at 924-25; 440 N.W.2d at 553 ("[C]onditional privilege is not absolute and may be forfeited if the privilege is abused. . .  The privilege may be abused: (1) because of the defendant's knowledge or reckless disregard as to the falsity of the defamatory matter.").  Defendant's motion to dismiss plaintiffs' claim for defamation will be denied.


H.  <u>Fraudulent Representation Claim</u>

Plaintiffs state that defendant violated their rights by fraudulent misrepresentation. However, the complaint is unclear about what representations were allegedly fraudulent.

12

Because the only allegedly false statement defendant made to plaintiff is that the truck needed to be driven to Freightliner for repairs, I will assume that this is what plaintiffs were referring to in the allegation. I agree with defendant that plaintiffs have failed to state a claim for fraudulent representation.

In Wisconsin, a fraudulent misrepresentation claim requires that plaintiffs believed defendant's false representation was true and relied on it to their damage. Foss of Kenwood v. Green, 2000 WI App 217, ¶ 13, 239 Wis. 2d 78, 619 N.W.2d 271. Plaintiffs' only alleged injury resulting from their reliance on defendant's misrepresentation is the loss of their jobs. Thus, any misrepresentation claim is simply an attempt to repackage their wrongful discharge claim. Because I have already concluded that plaintiffs have failed to state a claim for wrongful discharge, I must dismiss this claim as well.

## I. Intentional Infliction of Emotional Distress

Defendant contends that plaintiffs' claim for intentional infliction of emotional distress must be dismissed because plaintiffs do not allege that defendant's conduct was extreme and outrageous. In Wisconsin, "one who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for that emotional distress . . . ." Nelson v. Monroe Regional Medical Center, 925 F.2d 1555, 1559 (7th Cir. 1991) (quoting Alsteen v. Gehl, 21 Wis. 2d 349, 358, 124 N.W.2d 312, 317

(1963)).  Conduct imposing such liability has been defined as that which is so egregious that "the average member of the community" would regard the acts forming the basis for the claim "as being a complete denial of the plaintiff's dignity as a person."  Alsteen, 21 Wis. 2d at 359-60; 124 N.W.2d at 318.

Wisconsin courts have been reluctant to find that conduct meets this high standard. Kennedy v. Children's Services Society of Wisconsin, 17 F.3d 980, 987 (7th Cir. 1994); E.g., Alsteen, 21 Wis. 2d at 360; 124 N.W.2d at 318 (refusing to find  building contractor acted in sufficiently outrageous fashion despite his leaving job half-done, exposing his elderly client to elements); Laska v. Steinpreis, 69 Wis. 2d 307, 319, 231 N.W.2d 196, 203 (1975) (affirming trial court finding that plaintiff had not stated claim for intentional infliction of emotional distress when he alleged that defendant had spied on plaintiff's domestic activities and driven his car at high speed onto lawn of leased property, causing plaintiff's children to scatter; alleged conduct was neither extreme nor outrageous.)   Under Wisconsin law, plaintiffs have not alleged acts that are "extreme and outrageous."   Plaintiffs' claim for intentional infliction of emotional harm will be dismissed.


ORDER

IT IS ORDERED that

1.  Defendant Marten Transport, Ltd.'s motion to dismiss for failure to state a claim

14

upon which relief may be granted is DENIED with respect to the following claims: Title VII claims for race discrimination and retaliation, invasion of privacy by a private party and defamation.

2.  Defendant Marten Transport, Ltd's motion to dismiss for failure to state a claim upon which relief may be granted is GRANTED with respect to the following claims: Fourth Amendment claim for invasion of privacy, wrongful termination in violation of public policy, negligence,  fraudulent misrepresentation and intentional infliction of emotional distress.

Entered this 6th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

15

16