IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP EMIABATA and
SYLVIA EMIABATA,

          Plaintiffs,

  v.

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, INC.,

          Defendants.

ORDER

07-C-465-C

---

Before the court is plaintiffs' motion to reconsider the order compelling their depositions. *See* dkt. 24. For the reasons stated below, I am denying this motion.

On November 27, 2007 I granted defendant Marten Transport's motion to compel plaintiffs to attend depositions in Madison, Wisconsin. *See* dkt. 22. Although I granted the motion on its merits, I noted that plaintiffs had not responded to the motion within their five-day deadline; indeed two full weeks had passed with no response at all. Later that same day (November 27, 2007), plaintiffs filed a written opposition (dated November 23, 2007) to defendants's motion. *See* dkt. 21. The court did not address this response because it was untimely.

Not quite two weeks later, on December 10, 2007, this court received plaintiff's motion for reconsideration (dated December 5, 2007 and express-mailed from Tucumcari, NM on December 6, 2007). *See* dkt. 24. On December 11, 2007, defendants filed their opposition to plaintiffs' motion for reconsideration, *see* dkt. 25, along with a motion to dismiss this lawsuit as a sanction for plaintiffs' continual failure to provide discovery, *see* dkts. 26-27.

In their motion for reconsideration, plaintiffs ask why the court did not consider their November 23, 2007 response in its November 27, 2007 order. The short answer is because I didn't

receive their response until after I had signed and mailed my order. Plaintiffs' late response was received in the clerk's office on one floor of the courthouse around the same time that I was signing and mailing my order from a different floor. Keep in mind that the plaintiffs did not even draft their response until five days after it was due, and they submitted it later still.

That would have been the end of it but for the instant motion for reconsideration. In it plaintiffs ask why the court refused to talk to them telephonically on November 9, 2007 but did talk to defendants' attorney. *See* dkt. 24 at 3. This is not what happened. When defendants' attorney called, court staff told him the same thing they told plaintiffs: the court was not going to take a telephone call from anybody in this lawsuit. The only way to report something to this court is in writing so that there is no dispute later about what was said.

Substantively, plaintiffs claim that they have shown financial burden and untimely notification of the first set of depositions. *See* dkt. 24 at 2. However, a motion for reconsideration is not an opportunity to catch up to a missed deadline or to re-argue points already considered and rejected by the court. If it were, then no matter ever would be completely decided because a party always could re-open it by asking for reconsideration. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Plaintiffs have not established that it is unfair or unjust to make them travel to Wisconsin for a deposition. They simply argue that because one of the defendants is a corporation, it is better able to foot this bill than plaintiffs. Even if this argument were true, it is not a reason to make defendants pay for plaintiffs to come to Madison for their depositions. This was not and is not a ground to cancel or move the depositions or to shift costs.

As for the allegedly short notice of the first depositions, this issue no longer is before the court. If plaintiffs were concerned that defendants had not given them enough advance notice to

2

travel to Madison, then they should have made a reasonable request for a bit more travel time. They did not do so, nor did they timely raise this concern to the court, either in a pre-deposition motion for protection or in a timely response to defendants' motion to compel. Instead, they waited almost two weeks after this court ordered them to appear for depositions to try to convince the court that it should revisit their failure to appear for the earlier-scheduled depositions.

The plaintiffs should be more concerned about whether they have obeyed this court's earlier order to appear for depositions in Madison on or before December 11, 2007. Defendants claim that they did not and have moved to dismiss this lawsuit. That is an issue to be decided by Judge Crabb after all parties have had an opportunity to submit written explanations about what happened and why. The only question before the court today is whether to reconsider the previous motion to compel. Having carefully considered all of plaintiffs' submissions, I conclude that the answer is no.

ORDER

It is ORDERED that plaintiffs' motion for reconsideration is DENIED.

Entered this 15th day of December, 2007.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge