IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP EMIABATA and
SYLVIA EMIABATA,

                        Plaintiffs,

   v.

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, INC.,

                       Defendants.

OPINION and
ORDER

07-cv-465-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Marten Transport, Ltd. has moved to dismiss this case as a sanction because plaintiffs failed to appear at a deposition in Madison, Wisconsin and because plaintiffs have objected to other discovery requests Marten made. (In a footnote, Marten says that defendant Freightliner joins its motion, but Freightliner did not submit anything with Marten's motion expressing that wish. Further, Marten does not identify any failures by plaintiffs to comply with Freightliner's discovery requests.) In the alternative, Marten seeks an order compelling plaintiffs to comply with its discovery requests and to sit for a deposition in Madison.

Both of defendant Marten's motions will be denied at this time. Although Marten's

1

frustration is somewhat understandable, dismissing the lawsuit would be an unduly harsh sanction under the circumstances. In addition, I must deny Marten's motion to compel because it fails to identify the discovery it seeks from plaintiffs.

To begin with, defendant Marten may not seek a sanction for plaintiffs' objection to its discovery requests. Until now, Marten has not moved to compel a more complete response to these requests, which is a prerequisite for imposing sanctions under Fed. R. Civ. P. 37(b), the only authority Marten cites. (Marten appears to concede that plaintiffs did serve an objection to its requests, making it inappropriate to award sanctions under Rule 37(d)(1)(A)(ii), which applies only when a party fails to file any response.)

Defendant Marten is on stronger ground regarding plaintiffs' failure to appear at the deposition: the magistrate judge did order plaintiffs to appear at a deposition in Madison in December 2007 and it is undisputed that plaintiffs failed to comply with this order. Instead, they filed a motion for reconsideration. (Because this order moots that motion, I need not consider its merits.)

When a party fails to comply with a court order, Rule 37 lists a number of sanctions a court may impose, including dismissal of the case. Fed. R. Civ. P. 37 (b)(2)(A). But the rule does not require dismissal: the decision whether to impose a sanction is within the court's discretion. In re Thomas Consolidated Industries, Inc., 456 F.3d 719, 724 (7th Cir. 2006). In this case, I believe that a sanction of dismissal would be excessive. First, this court

2

has a strong preference for deciding cases on their merits rather than on the basis of a party's procedural failings. As the court of appeals has pointed out many times, dismissal is "an extraordinarily harsh sanction that should be used only in extreme situations." Gabriel v. Hamlin, – F.3d –, 2008 WL 269086, *2-4 (7th Cir. 2008); see also Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000); Dunphy v. McKee, 134 F.3d 1297, 1299 (7th Cir. 1998).

Plaintiffs may be culpable in failing to comply with a court order, but I cannot conclude that their conduct was "extreme." Attending a deposition in Madison would not be easy for plaintiffs, who live in Texas, and it was not necessarily fair to require plaintiffs to travel to Wisconsin for the deposition for at least two reasons. First, it is clear that plaintiffs have extremely limited financial means. They are proceeding in this case without counsel and are handwriting all of their court filings. They lost their employment with defendant Marten and say that they have had difficulty finding meaningful employment since.

Equally important is the reason that this case is proceeding in Wisconsin. Plaintiffs did not file the case here and none of the events relevant to the lawsuit occurred in this state. Rather, defendant Martin filed a motion to transfer the case to this court, which was granted over plaintiffs' objection simply because Martin has offices in the Western District of Wisconsin. Thus, Martin could not rely on any presumption that the lawsuit's forum is an appropriate place for a deposition. Cf. Clem v. Allied Van Lines International Corp., 102

3

F.R.D. 938 (S.D.N.Y. 2004) (plaintiff may be compelled to attend deposition *in forum in which he filed suit*); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (ordinarily, plaintiff must travel to defendant's location for deposition because "it is the plaintiffs who bring the lawsuit and who exercise *the first choice as to the forum*") (emphasis added); Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395, 396-97 (D. Del.1955) ("This principle [that plaintiff must appear for a deposition in the forum district] loses some weight where the plaintiff has no choice of forum."). Under these circumstances, it is reasonable to require defendant Marten either to travel to Texas to depose plaintiffs or make other arrangements that would not subject plaintiffs to a financial burden. Thompson v. Sun Oil Co., 523 F.2d 647, 648 (8th Cir. 1975) ("[T]he district court has great discretion in designating the location of taking a deposition."); Zito v. Leasecomm Corp., 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (approving request to allow plaintiffs to be deposed by telephone or video in part because "it would be a hardship for many of the . . . plaintiffs to travel to distant cities to be deposed"); Leist v. Union Oil Co. of California, 82 F.R.D. 203, 204 (E.D. Wis. 1979) (in determining appropriate site of deposition, court may consider relative financial position of the parties).

Defendant Marten was aware of plaintiffs' dire financial status when it demanded that plaintiffs appear in Wisconsin. After all, it is Marten's termination of plaintiffs that gave rise to this lawsuit. Marten could not have been surprised when plaintiffs said that they were

4

unable to travel across the country to be deposed. Regardless whether plaintiffs are able ultimately to prove their claims, Marten should not prevail simply by imposing burdens on plaintiffs that it knows they will not be able to carry.

At the same time, plaintiffs should not interpret this order to suggest that they need not comply with discovery requests. Although I conclude that Marten should bear the expense of subjecting plaintiffs to a deposition, if Marten chooses to travel to Texas or make arrangements for a video deposition (or pay for plaintiffs to come to Wisconsin), plaintiffs must work with Marten in good faith to choose a time and format that is convenient for all parties. If plaintiffs are unable to comply with a request, they may not simply refuse to cooperate; they must seek relief from the court *promptly*. Plaintiffs often have delayed in taking appropriate action with the court when they disagree with defendants' view. That may not continue. Plaintiffs must act in a timely manner or take the risk that their position will not be considered by the court.

If *either* side fails to act in good faith in conducting discovery, that side may be sanctioned by this court. Plaintiffs in particular should be aware that further noncompliance could result in dismissal of their case. Accordingly, defendant Marten may have until February 29, 2008, to schedule and conduct any depositions of plaintiffs it wishes. The parties should inform the court immediately if they are unable to reach agreement on the time and format of the deposition.

5

With respect to defendant Marten's motion in the alternative to compel discovery, it must be denied because Marten fails to identify what it is seeking to compel. I cannot determine whether plaintiffs were correct in objecting to Marten's discovery requests if I do not know what those requests are. Marten may have until February 22, 2008, in which to renew its motion to compel discovery or inform the court that it is abandoning its motion.

Finally, because the deadline for filing dispositive motions was lifted pending the resolution of defendant Marten's motion to dismiss, I will vacate the April 7, 2008 trial date and direct the clerk of court to set up a new scheduling conference before the magistrate judge.

ORDER

IT IS ORDERED that

1. The motions filed by defendant Marten Transport, Ltd. to dismiss and in the alternative to compel discovery, dkt. #36, are DENIED.

2. Defendant Marten may have until March 4, 2008, to schedule and conduct depositions of plaintiffs Sylvia and Philip Emiabata under the conditions described in this order, if it still wishes to do so. If the parties cannot agree on the logistics of the deposition, they should seek assistance from the court immediately.

3. Defendant Marten may have until February 26, 2008, in which to renew its

motion to compel, describing the discovery it seeks.  Plaintiffs may have until March 7, 2008, to file a response.

4. Plaintiffs' motion to reconsider the magistrate judge's November 27, 2007 order, dkt. #35, is DENIED as moot.

5.  The April 7, 2008 date for trial is VACATED.

6.  The clerk of court is directed to set up a conference before the magistrate judge to establish a new schedule for the remainder of the case.

Entered this 19th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7