IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP EMIABATA and
SYLVIA EMIABATA,

                                                    ORDER
                    Plaintiffs,

        v.                                          07-C-465-C

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, INC.,

                    Defendants.

---

        The file in this case is cluttered with motions, letters, affidavits and orders bespeaking

completely dysfunctional pretrial discovery.  Common themes include plaintiffs' impassioned

defiance of defendants' routine discovery demands, plaintiffs' heartfelt conviction that

defendants and this judicial officer are unfairly harassing them in contravention of the rules and

the law, and plaintiffs' unwavering assertion that they were and are the victims of an invidious

conspiracy and vendetta that continues to this day.  Virtually every telephonic conference in this

case erupts into a verbal melée, as demonstrated by the transcripts and the DVD filed with the

court.  Now before the court is defendant Marten Transport's most recent motion to compel

discovery (dkt. 48), countered by plaintiffs' motion to accelerate the previously-relaxed schedule

by moving the trial date forward again (dkt.55).  For reasons stated below, I am granting

defendants' motion and denying plaintiffs' motion.

        Plaintiffs are a husband-wife team of over-the-road truckers who used to work for

defendant Marten Transport.  Plaintiffs claim that on March 12, 2007, defendant Freightliner's

employee planted a can of beer in their truck; when this contraband was found during a search,

defendant Marten Transport used this as a pretext to fire plaintiffs.  On June 19, 2007, plaintiffs

filed a civil complaint in the U.S. District Court for the Western district of Texas, alleging unlawful discrimination and conspiracy. On August 20, 2007 that court transferred the case to this district. On September 13, 2007, this court held its preliminary pretrial conference, setting a summary judgment motions deadline for November 30, 2007, a discovery cutoff of March 7, 2008 and a trial date of April 7, 2008. On November 13, 2007, defendant Marten Transport filed a motion to compel the depositions of plaintiffs in Madison, Wisconsin. In the absence of a timely response from plaintiffs, on November 27, 2007, I granted that motion and ordered the depositions to occur by December 11, 2007 and extended the summary judgment motion deadline to January 4, 2008.

The day that I issued this order, plaintiffs filed their opposition to defendant's underlying motion, followed by a motion for reconsideration filed December 10, 2007. Plaintiffs did not appear for their depositions, causing defendant Marten Transport to move to dismiss as a discovery sanction. I denied the motion for reconsideration and plaintiffs appealed. On February 13, 2008, the district judge declined to dismiss the case, declined to require plaintiffs to come to Madison to be deposed, and struck the April 7 trial date. At a February 28, 2008 telephonic conference I rescheduled this case, setting a May 9, 2008 deadline for summary judgment motions and a September 8, 2008 trial date.

A week earlier, on February 22, 2008, defendant Marten Transport filed a motion to compel responses to its interrogatories and document requests, claiming that plaintiffs had never provided any responses at all to defendants' September 26, 2007 discovery requests. On March 4, 2008, plaintiffs served (and filed) written discovery responses on defendant Marten Transport. This led to defendant Marten Transport's third motion to compel, dated March 21, 2008. Defendant complains that notwithstanding the 5½ months it took plaintiffs to provide

their responses, "plaintiffs utterly failed to provide Marten Transport with anything meaningful." *See* dkt. 48 at 2. Plaintiffs did not adequately answer nine of eighteen interrogatories (Nos. 2, 5-8, 11, 12, 16 and 18, *id* at 5-8), and they provided no documents at all. As documented in Marten Transport's motion, when it attempted to resolve this matter with plaintiffs, plaintiffs disputed that their responses were inadequate and told Marten Transport to take its concerns to court. Defendant Marten Transport claims that because it did not have all of the requested information and documentation at its disposal for plaintiffs' depositions on March 13 and 14, it may have to depose the plaintiffs again, at a significant cost and inconvenience to both sides (particularly because this court ultimately ordered defendants to travel to Texas to depose plaintiffs rather than require plaintiffs to travel to Madison. As a result of all this, Marten Transport asks not only that this court compel plaintiffs to provide adequate discovery responses, but that it also shift costs pursuant to Rule 37(a)(5).

Plaintiffs respond by stating their belief that Judge Crabb's February 19, 2008 order acted as a universal solvent absolving them of any discovery obligations that might have existed prior that date. This is an incorrect interpretation of the court's order and of the plaintiffs' obligation under the rules of civil procedure. The rules governing discovery are self-executing and should not need court intervention to insure compliance with their requirements. Plaintiffs have had an obligation dating back to last September to provide responses to defendant's discovery requests. In light of this, it is absurd for plaintiffs in their response (dkt. 54) repeatedly to accuse the defendant of being responsible for any delays in this lawsuit. To the contrary, the record establishes that defendant Marten Transport has employed every available mechanism

to obtain responses, documents and depositions from plaintiffs, only to be thwarted by obdurate opponents and a forgiving court.[1]

Plaintiffs further respond that their discovery responses to defendant's written discovery demands are adequate, and that it is not up to Marten Transport to judge the adequacy of the responses. Plaintiffs are partially correct in that the court, not the parties, ultimately determines the adequacy of disputed discovery responses. I conclude that plaintiffs' challenged responses are not adequate. Defendants are entitled to learn all information in plaintiffs' possession that is relevant to the resolution of plaintiffs' claims against them. Plaintiffs have not provided this information and their objections to providing it are not well taken. This is not, as plaintiffs accuse, a situation in which Marten Transport is "crying wolf." The defendants have been summoned into court to answer plaintiffs' accusations of an unlawful conspiracy motivated by racial animus. Defendants have the right to develop all potentially relevant facts so that our adversarial system can work appropriately and accurately to determine the truth of plaintiffs' accusations. It is not up to plaintiffs to impose their own idiosyncratic views as to how much discovery is enough and which questions do not need to be answered.

With yet another summary judgment motion looming and almost no hope that defendants will obtain from plaintiffs the information they need in time to use it, it seems as if it is time to impose Rule 37(b) sanctions on the plaintiffs. That, however, is Judge Crabb's decision to make, not mine. I will, however, grant the relief requested by defendant Marten Transport in its motion. If plaintiffs intend to appeal this order, they must do so promptly so that we can at least attempt to salvage what remains of the oft-modified schedule in this lawsuit.

---

[1] Actually, this court has exhibited a split personality in this case, with me roweling plaintiffs about discovery to their chagrin, and Judge Crabb loosening the reins, to defendants' chagrin.

From this it should be obvious that the court has no intention of moving the trial date forward; we will be lucky if we are ready by the date currently on the books.

ORDER

It is ORDERED that:

(1) Defendant Marten Transport's third motion to compel discovery (dkt. 48) is GRANTED.  Plaintiffs shall have until April 25, 2008 within which to provide all requested documents and to complete answers to Interrogatories Nos. 2, 5-8, 11, 12, 16 and 18.

(2) Cost-shifting is granted in favor of defendant Marten Transport pursuant to Rule 37(a)(5)(A). Defendant may have until April 21 to provide an itemized bill of expenses incurred in filing this motion.   Plaintiffs may have until April 28 within which to contest the reasonableness of the amount claimed or to establish other circumstances showing  that shifting expenses would be unjust.

(3) Plaintiffs' motion to reschedule the trial (dkt. 55) is DENIED.

Entered this 16th day of April, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5