IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP EMIABATA and
SYLVIA EMIABATA,                                                            OPINION and
                                                                             ORDER
                      Plaintiffs,
                                                                             07-cv-465-bbc
    v.

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, LLC,[1]

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiffs Sylvia and Philip Emiabata were employed by defendant Marten Transport, Ltd. as team truck drivers in 2006 and 2007. Marten Transport fired both of them for possessing alcohol in their truck, which is prohibited by both company policy and federal law. Plaintiffs alleged in their complaint that Marten Transport fabricated the alcohol violation at least in part because of their race and that defendant Freightliner, LLC conspired with Marten Transport by directing its employees to search plaintiffs' truck and plant alcohol in it.

---

[1] Plaintiffs identified this defendant as "Freightliner, Inc." in their complaint. I have amended the caption to include the correct name as identified by defendant Freightliner.

1

Defendant Marten Transport filed a motion to dismiss, which I granted in part and denied in part.  After the dust settled, plaintiffs' remaining claims were race discrimination and retaliation under Title VII of the Civil Rights Act and state law claims for invasion of privacy and defamation (plaintiffs alleged also that defendants reported the fabricated violations to other potential employers).  Now before the court are defendants' motions for summary judgment on these remaining claims.

Defendants' motions must be granted.  The undisputed facts show that plaintiffs failed to file a charge with the Equal Employment Opportunity Commission, dft.'s PFOF, dkt. #72, ¶¶134-36, which is required before a plaintiff may file a lawsuit under Title VII. 42 U.S.C. § 2000e-5(e)(1).  "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII."  Salas v. Wisconsin Dept. of Corrections, 493 F.3d 913, 921 (7th Cir. 2007).  Accordingly, plaintiffs' Title VII claim must be dismissed.

Even if plaintiffs had exhausted their administrative remedies before filing suit, their discrimination and retaliation claims could not proceed.  Defendants proposed facts that plaintiffs were fired because they had alcohol in their truck and plaintiffs adduced no admissible evidence to rebut defendants' facts.  Plaintiffs did not respond to defendants' proposed findings of fact, propose their own facts or submit any affidavits.  They submitted a brief only, which cannot be considered as evidence on a motion for summary judgment. Fed. R. Civ. P. 56(c) (appropriate evidence on motion for summary judgment includes "the

2

pleadings, the discovery and disclosure materials on file, and any affidavits"); Procedure to Be Followed on Motions for Summary Judgment, I.B.4 ("The court will not consider facts contained only in a brief."). In any event, there is nothing in plaintiffs' brief showing that their race or any complaints about race discrimination played a part in their termination. Plaintiffs provide speculation and conclusory allegations only, which is not enough to prevail. Rand v. CF Industries, Inc., 42 F.3d 1139, 1146 (7th Cir.1994) ("Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors, and '[d]iscrimination law would be unmanageable if disgruntled employees .employees . . . could defeat summary judgment by affidavits speculating about the defendant's motives.")

At the pleading stage, a court must accept all the allegations in the complaint as true, without requiring the plaintiff to back up his allegations with evidence. At summary judgment, the standard changes dramatically. The purpose of summary judgment is to determine whether the parties have adduced enough evidence to support a jury verdict in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). If a party is unable to do this, it shows that holding a jury trial would be a waste of time and the claim should be dismissed.

Because it is plaintiffs' burden to prove their claim and not defendants' burden to disprove it, it is plaintiffs that "must show what evidence [they have] that would convince

3

a trier of fact to accept [their] version of the events." Schacht v. Wisconsin Dept. of Corrections, 175 F.3d 497, 504 (7th Cir. 1999). When a plaintiff "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," summary judgment must be granted to the defendant. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In a case like this one alleging race discrimination, plaintiffs were required to come forward with "specific facts" rather than conclusory allegations showing that their race played a part in the decision to fire them. Fed. R. Civ. P. 56(e); Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.") This might include evidence that similarly situated employees of a different race received more favorable treatment or suspicious comments from decision makers suggesting racist motives. Troupe v. May Dept. Stores, 20 F.3d 734, 736 (7th Cir. 1994). Plaintiffs have not adduced this or any other type of evidence in support of their claim. In fact, the record does not even show what race plaintiffs are. Defendants' motion for summary judgment must be granted with respect to

4

plaintiffs' race discrimination claim.

This leaves plaintiff's state law claims for defamation and invasion of privacy. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims when all of the federal claims have dropped out of the case. Although dismissal of the state law claim is not mandatory in every instance, the general rule is that "if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims" Williams Electronics Games, Inc. v. Garrity, 479 F.3d 904, 907 (7th Cir. 2007) (citing Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999)). In this case I see no reason to retain jurisdiction over the state law claim and the parties do not provide one. Accordingly, I will decline to exercise supplemental jurisdiction under § 1367(c)(3) over plaintiff's claims for defamation and invasion of privacy.

Several other motions are before the court. Plaintiffs' motion "for removal of Magistrate Judge Stephen L. Crocker" and defendants' motion to dismiss as a sanction for discovery violations will be denied as moot. Defendants' motion for attorney fees will be denied as well; defendants set forth no grounds for such an award in their motion.

ORDER

IT IS ORDERED that

1. The motions for summary judgment filed by defendants Marten Transport, Ltd.,

5

dkt. #70, and Freightliner, LLC, dkt. #60, are GRANTED. Plaintiffs Sylvia Emiabata's and Philip Emiabata's federal claims are DISMISSED with prejudice. Plaintiffs' state law claims for defamation and invasion of privacy are DISMISSED without prejudice to plaintiffs refiling them in state court.

2. Plaintiffs' motion for removal of the magistrate judge, dkt. #69, is DENIED as moot.

3. Defendants' motion to dismiss as a sanction is DENIED, dkt. #82, as moot.

4. Defendants' motion for attorney fees, dkt. #65, is DENIED.

5. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 19th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge