IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP EMIABATA and
SYLVIA EMIABATA,

                                                                                      ORDER

                          Plaintiffs,

                                                                                      07-cv-465-bbc

     v.

MARTEN TRANSPORT, LTD. and
FREIGHTLINER, LLC,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Sylvia and Philip Emiabata have moved for reconsideration of the order dated June 20, 2008, in which I granted defendants Marten Transport, Ltd's and Freightliner, LLC's motion for summary judgment. I construe plaintiffs' motion as a timely filed motion to alter or amend the judgment under Fed. R. Civ. P. 59.

      In the June 20 order, I dismissed plaintiff's discrimination claim because plaintiffs had failed to exhaust their administrative remedies and because they had failed to adduce any evidence of race discrimination or retaliation. I declined to exercise jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367(c)(3) because I had dismissed the only federal claim in the case.

1

Plaintiffs do not challenge my conclusions regarding the discrimination claim. However, they point out correctly that it was error to dismiss their state law claims under § 1367(c)(3) because another basis for jurisdiction exists under 28 U.S.C. § 1332, which allows a federal court to consider state law claims when the plaintiffs and defendants are citizens of different states and the amount in controversy is more than $75,000. A review of the record shows that plaintiffs are citizens of Texas and defendants are citizens of Wisconsin, Delaware and Oregon. Further, it is reasonable to infer that more than $75,000 was at stake when plaintiffs filed their complaint. Accordingly, I will grant plaintiffs' Rule 59 motion.

Unfortunately for plaintiffs, they win the battle but lose the war. Although I agree with plaintiffs that I may consider the merits of their state law claims, the merits must be decided in favor of defendants. At summary judgment, two of plaintiffs' state law claims remained in play: defamation and invasion of privacy. Plaintiffs' theory of defamation in their complaint was that defendants lied to prospective employers when they reported that plaintiffs had alcohol in their truck. Plaintiffs cannot prevail on this claim because I concluded in the June 20 order that plaintiffs had failed to adduce any evidence suggesting that defendants had planted the alcohol. Thus, the facts do not show that defendants were lying when they reported that plaintiffs had been found with alcohol. Of course, one of the elements of a defamation claim is that the statement in dispute must be false. Hart v.

2

Bennet, 2003 WI App. 231, ¶21, 267 Wis. 2d 919, 941, 672 N.W.2d 306, 317. Because plaintiffs have failed to come forward with any admissible evidence that defendants provided false information to a third party, I must grant summary judgment to defendants on this claim. Even if plaintiffs had adduced admissible evidence that the alcohol was not theirs, the facts show that defendants believed in good faith that it was. Under such circumstances, defendants cannot be liable for defamation. Hett v. Poetz, 20 Wis. 2d 55, 59-62, 121 N.W.2d 270 (1963).

With respect to plaintiffs' invasion of privacy claim, they could prevail only if they could show an "[i]ntrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private." Wis. Stat. § 950.50(2); see also Fischer v. Mt. Olive Lutheran Church, 207 F. Supp. 2d 914, 927 (W.D. Wis. 2002). In this case, the facts show that defendant Marten Transport owned the truck plaintiffs were driving and Marten asked defendant Freightliner to search the truck because a third party had reported that plaintiffs were driving with alcohol in the truck, which is a violation of federal regulations. No reasonable jury could find that investigating a violation of federal law with respect to one's own property is a "highly offensive" invasion of a "private" place. Accordingly, I conclude that defendants are entitled to summary judgment on the invasion of privacy claim as well.

ORDER

IT IS ORDERED that the motion under Fed. R. Civ. P. 59 to alter or amend the judgment filed by plaintiffs Philip Emiabata and Sylvia Emiabata, dkt. #94, is GRANTED and the judgment dated June 20, 2008, dkt. #90, is VACATED.

FURTHER IT IS ORDERED that the motions for summary judgment filed by defendants Marten Transport, Ltd. and Freightliner, LLC, dkt. ##60 and 70, are GRANTED. Plaintiff's federal and state law claims are DISMISSED with prejudice. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 11th day of July, 2008.

BY THE COURT:

/s/ Barbara B. Crabb

BARBARA B. CRABB
District Judge

4